# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DWIGHT DAVID MASSEY,                )
                                    )
    Petitioner,                     )
                                    )
v.                                  )   Case No. CV408-080
                                    )
AL ST. LAWRENCE, et al.,            )
                                    )
    Respondents.                    )

## REPORT AND RECOMMENDATION

Petitioner, an inmate at the Chatham County Detention Center in Savannah, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," it is recommended that the case be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of

limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitation period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Petitioner was convicted of burglary in the Chatham County Superior Court on September 24, 1999. (Doc. 1 at 2.) The Georgia Court of Appeals affirmed petitioner's conviction "around January 2000." (Id.) Petitioner does not allege that he sought a writ of certiorari to appeal this determination to the Georgia Supreme Court, so his conviction became final "around" January or February of 2000, when the ten-day period for filing notice of intention to apply for certiorari expired. Ga. Sup. Ct. R. 38(1).

The one-year limitations period set forth in § 2244 is tolled when a state prisoner properly files an application for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2); see Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Here, petitioner did not seek collateral relief in state court until August 8, 2007, over seven years after his conviction became final. (Doc. 1 at 2-3.) The § 2254 limitations period thus

expired long before petitioner sought state post-conviction review. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition like [petitioner's] that is filed following the expiration of the [§ 2244] limitations period cannot toll that period because there is no period remaining to be tolled."). Consequently, the tolling provision provides petitioner with no relief; the present federal petition is time barred under § 2244. Id.

Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation sua sponte and dismiss those actions that are time barred. Jackson v. Sec'y for Dept. of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002). As the instant petition challenging petitioner's 1997 Chatham County conviction is untimely by many years, it should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 29th day of April, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA